Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**FILED**

# UNITED STATES DISTRICT COURT

for the

_6TH_ District of _Ohio_

_Northeastern_ Division

NOV 2 1 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

_Uc LaFonse Pryor_

Plaintiff(s)

_(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)_

-v-

_Annette Chambers - Smith_

_(see attachment additional defendants)_

Defendant(s)

_(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)_

Case No. **4:23 CV 02259**

_(to be filled in by the Clerk's Office)_

**JUDGE PEARSON**

**MAG JUDGE KNAPP**

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to
electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social
security number or full birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include _only_: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any
other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in
forma pauperis.

---

Page 1 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Nc LaFonse Pryor* |
| All other names by which you have been known: | *Norman LaFonte Pryor* |
| ID Number | *A700-536* |
| Current Institution | *Toledo Correctional Institution* |
| Address | *2001 East Central Avenue* |
| | *Toledo          OH        43608* |
| | City          State          Zip Code |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *Annett Chambers-Smith* |
| Job or Title *(if known)* | *Director of ODRC* |
| Shield Number | |
| Employer | *State of Ohio* |
| Address | *4545 Fisher Road* |
| | *Columbus          OH        43228* |
| | City          State          Zip Code |

[V] Individual capacity  [V] Official capacity

Defendant No. 2

| | |
|---|---|
| Name | *Arianna Brock* |
| Job or Title *(if known)* | *lieutinent* |
| Shield Number | |
| Employer | *Trumbull Correctional Institution* |
| Address | *5701 Burnett RD.* |
| | *Leavittsburg          OH        44430* |
| | City          State          Zip Code |

[V] Individual capacity  [V] Official capacity

# **Additional Defendants**

K. Phillips

- Job- corrections officer
- Title- corrections officer
- Employer-Ohio department of corrections
- Address-- 5701 burnett rd
-        Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

Kostenko

- Job- Chaplain
- Title- Chaplain
- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
-        Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

B. Evans

- Job- Deputy warden
- Title- Deputy warden of operations
- Employer- Ohio Department of corrections
- Address-- 5701 burnett rd
-        Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

G. Booth

- Job- Wardens Assistant
- Title- Wardens assistant
- Employer- Ohio Department of corrections
- Address-- 5701 burnett rd
-        Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

Melissa Spatny

- Job- Unit management chief
- Title- UMC

2.

- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
-         Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

S. Smallwood

- Job- Unit manager
- Title- unit manager
- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
-         Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

T. Corwin

- Job- Corrections officer
- Title-C/O
- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
-         Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

Fusillo

- Job- corrections officer
- Title- Corrections officer
- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
-         Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

Theodore Jackson

- Job- Deputy warden
- Title- Deputy warden of special services
- Employer- Ohio department of corrections
- Address--- 5701 burnett rd
-         Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

3.

W.J.Cox

- Job- Corrections officer
- Title- C/O
- Employer- Ohio department of correctons
- Address-- 5701 burnett rd
- Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

B.M.Reghetti

- Job- Corrections officer
- Title- Corrections officer
- Employer- Ohio department of corrections
- Address-5701 burnett rd
- Leavittsburg , Oh 44430-9713
- Individual- I capacity; official capacity

Felepa Lowry

- Job- Institutional inspector
- Title- Institutional Inspector
- Employer- Ohio department of corrections
- Address-- 5701 burnett rd
- Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

T. Harris

- Job- Mental health service provider
- Title-MHL
- Employer- Ohio department of corrections
- Address- 5701 burnett rd.
- Leavittsburg , Oh 44430-9713
- Individual capacity; official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name                M. Darkangelo
    Job or Title *(if known)*  Mental Health Services
    Shield Number
    Employer        ODRC Trumbull Correctional Inst.
    Address         5701 Burnett Rd
                 Leavittsburg    OH    44430-9713
                  *City*        *State*      *Zip Code*

        ☑ Individual capacity   ☑ Official capacity

Defendant No. 4
    Name                Dr. Coe
    Job or Title *(if known)*  Mental health administrator
    Shield Number
    Employer        ODRC Trumbull Correctional Inst.
    Address         5701 Burnett Rd.
                 Leavittsburg    OH    44430-9713
                  *City*        *State*      *Zip Code*

        ☑ Individual capacity   ☑ Official capacity

## II.  Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fourteenth Amendment (Retaliation); Free Establishment clause First Amendment Religious land use & Institutionalized Persons act

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Page 3 of 11

*N/A*

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

*See Attachment*

## III.    Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [✓] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)*    *N/A*

## IV.    Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    If the events giving rise to your claim arose outside an institution, describe where and when they arose.

*N/A*

B.    If the events giving rise to your claim arose in an institution, describe where and when they arose.

*Trumbull Correction Institution (See Attachment)*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.  What date and approximate time did the events giving rise to your claim(s) occur?

*See Attachment*

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

*See Attachment*

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

cut my wrists due to harassment (self inflicted)
Deployed OC spray in face (point blank range) Lt. A. Brock
mental & emotional distress; aggrevated PTSD diagnosis;
physically restrained and handcuffed (placed in "time-out" cage)

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

pursuant to Ohio Civ. R. 8 more than $25,000;
compensatory damages
$10.00 nominal damages
punitive damages for retaliation & violation of 1st Amendment
damages from each Defendant (individual & official compacity)

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Trumbull Correction Institution_

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☑ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_Retaliation by Violating First amendment (Right to practice religion); Campain of harassment_

D.  Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No   N/A

E.  If you did file a grievance:

1.  Where did you file the grievance?

*Trumbull Correctional Institution*

2.  What did you claim in your grievance?

*Campain of harrassment*
*Retaliation; Denied right to practice religion ;*

3.  What was the result, if any?

*(No violation occurred)*
*Ruled In favor of prison officials*

4.  What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

*I appealed to the chief inspector The process Is complete*

F.  If you did not file a grievance:

1.  If there are any reasons why you did not file a grievance, state them here:

N/A

2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

In regards to mental health grievance I was on suicide watch and was transferred to To.C.I. during the process,

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below.  *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    N/A

Defendant(s)    N/A

2.    Court *(if federal court, name the district; if state court, name the county and State)*

N/A

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

N/A

5.    Approximate date of filing lawsuit

N/A

6.    Is the case still pending?

☐ Yes

☑ No

If no, give the approximate date of disposition.    N/A

7.    What was the result of the case? *(For example:  Was the case dismissed?  Was judgment entered in your favor?  Was the case appealed?)*

N/A

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

    Plaintiff(s)  N/A

    Defendant(s)  N/A

2.  Court *(if federal court, name the district; if state court, name the county and State)*

    N/A

3.  Docket or index number

    N/A

4.  Name of Judge assigned to your case

    N/A

5.  Approximate date of filing lawsuit

    N/A

6.  Is the case still pending?

    ☐ Yes

    ☑ No

    If no, give the approximate date of disposition  N/A

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    N/A

IX.    **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A.    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    10-11-23

Signature of Plaintiff

Printed Name of Plaintiff    Ric LaFonse Pryor

Prison Identification #    A700-536

Prison Address    Toledo  Correctional  Inst. 2001 east Central Ave.

Toledo                          OH       43608
_City_                                   _State_       _Zip Code_

B.    **For Attorneys**

Date of signing:    10-11-23

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Address

_City_                          _State_       _Zip Code_

Telephone Number

E-mail Address

## Jurisdiction & Venue

This is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. The court has jurisdiction under 28 U.S.C. section 1331 and 1343(a)(3), plaintiff seeks declaratory relief pursuant to U.S.C. section 2201 and 2202. Plaintiff claim for injunction relief are authorized by 28 U.S.C. section 2283 & 2284 and rule 65 of the Federal rules of civil procedure. United States District Court 6th District Court Northeastern Division is an appropriate venue under 28 U.S.C. section 139(b)(2) because it is where the events giving rise to this claim occurred.

## Plaintiff

Plaintiff, Nc LaFonse Pryor, is and was at all times mentioned herein a prisoner of the state of Ohio in the custody of the Ohio department of corrections. I am currently confined in Toledo Correctional Institution, in Toledo Oh.

## Defendants

Annette Chambers-Smith (director of corrections). State of Ohio Department of corrections is legally responsible for the overall operation of the department and each institution under its jurisdiction, including Trumbull Correctional Institution.

Defendant Warden Davis is legally responsible for the operation of Trumbull Correctional Institution & for the welfare of all the inmates in that prison.

Lieutenant Arianna Brock is the lieutenant for 15 east housing block of Trumbull Correctional Institution in the Ohio department of corrections who at all times mentioned in this complaint held rank of lieutenant. (SEE ADDITIONAL DEFENDANTS)

## Exhaustion of legal remedies

Plaintiff Nc LaFonse Pryor used the prisoner grievance procedure available at Trumbull Correctional Institution to try and solve the problem. On {see attachments} plaintiff Nc LaFonse Pryor presented the facts relating to this complaint. On [see attachments] plaintiff Nc LaFonse Pryor was sent a response saying that the grievance had been denied on [see attachments] I appealed the denial of the grievances.

## Legal claim

It has been held in several cases that the plaintiff has a right to study his religion. The religion of his choosing. Allowed religious materials. Not forced to choose a particular religion or religious study. See 411 F. Supp. 2d 983,989-90(denied right to practice for 3 months) (this case

is roughly identical) see 514 F.3d 851, 853-54(holding beliefs based on prisoners "catholic upbringing, his time spent studying other religions such as Buddhism a passage from the bible" were protected by the RFRA; 937 F.2d 1521,1523.

Also see 393 F. Supp. 2d 80, 92 (Had books about other religion). See 497 F.3d 272, 278 (religious rights). See 373 F. Supp. 2d 822, 826 (took religious materials)

See 523 F. 3d 789, 800-02 (Denied right to attend other religious groups of other faith)

Denying me the right to participate in any religious services was not the least restrictive means RFRA/RLUIPA, as held in worsoldier v. Woodford. Officials did not actually consider the least restrictive means available 418 F.3d 989,999.

Also see 316 F.supp. 2d 868,881 (forbidding a prisoner to attend the services of the other religions was a substantial burden) [holding defendant would have the option of showing that a compelling interest required excluding him from those services].

Also being housed in LPH is no excuse to deny me religious services see 352 F.3d 582,597 (a prisoner free exercise right to participate in religious services in not extinguished by his or her confinement in special housing or keeplock.

I was denied all religious services. See 921 F. 2d 191,194 (denial of all religious services in protective custody stated a constitutional claim)

Also see 2013 U.S. Dist. Lexis 86209 Granted in the plaintiff's favor, 2000 U.S. Dist. Lexis 21533(granted in favor of plaintiff).

My end result was due to retaliation by being denied the right to practice/study religion see King v. Zamiara, 288 F.3d 207

The plaintiff is entitled to damages see Allah v. Al-Hafeez, 226 F.3d 247. Also see Sigger-El v. Barlow, 433 F.supp. 2d 811.

1) I have a constitutional right to study & practice the religion of my choosing. "Protected right"
2) The prison officials denying me of that right is an "Adverse Action"
3) Due to the alleged grabbing of the lieutenant's hand inappropriate tickets; I was retaliated against by being denied the right to attend religious services and receive a campaign of harassment. Which is the "Causal connection"
   This caused a substantial burden on the plaintiff & this was not the least restrictive means pursuant to (Religious Land & Use & Institutionalized Persons Act(RLUIPA)

## Statement pursuant to R.C. 2969.25(A)

## Actions filed in previous 5 years

# **Facts and History**

I entered Trumbull Correctional Institution roughly the week of June 20th 2022. I was classed on the DOTS portal a Muslim. Being a Muslim I attended all Muslim religious based classes or programming. Mon., Thurs., & Fri. 9:00 to 10: am was Arabic class to better understand the original text of the Quran. Mon.,Thurs.,& Fridays 1:30 to 2:30pm(2:15 jummah) was the Taleem class in which the Quran is explained to Muslim community. Also I was in the process of learning about the Jewish religion because I had thoughts of converting to become a part of the "Black Jewish Movement". These classes were held Mon.,&Tues. at 8:00 am to 9:00 on weds., I attended Spanish devotional classes due to being a Spanish speaking prisoner. Approx. around the end of July to the beginning of Aug. 2022, the Lt. Brock began to consistently stop me on the walkway and ask to show her my passes. Even in the chow hall. I would be stopped and asked where I was going. This continued from Aug. to Nov. At times I was even walked to RH(restrictive housing) for what Trumbull considers "time-out" (time-out is where your locked in a cage roughly 3ft.x3ft. wide in segregation) .

On Nov. 28th again same thing. By this time the Lt. already knew where I was going. Frustrated when the Lt. held out her hand to return the pass to me after I gave it to her..., I snatched it out of her hand. She cuffed me up and walked me to segregation.  Approx. At 8:30 I stood in "time-out" until after count 11:30. After returning back to my block 14 east . My biological brother was packing his property to go to LPH. I became extremely emotional & depressed. I consumed alcoholic beverages & smoked mind altering substances. At approx. 4:00pm I received a conduct report for being sexually inappropriate towards C/O Ms. Phillips. I was cuffed and walked to segregation into the "time-out" holding cage again. My mental health status Under the influence of alcohol & mind altering substances I was sexually inappropriate towards my MHL(mental health liason) as well.  I was Placed on suicide watch. While on suicide watch Ms. Phillips worked segregation The range I was being held on watch.  She denied me a lunch tray. Eventually I covered my door so staff werent able to see in.  The hostage negotiator was called and staff eventually I removed the items covering my door.  Roughly the first week of Dec. I was transferred to LPH. Where Lt. Brock transferred to, to be the Lt. of the LPH house. Also Ms. Phillips started choosing 15 east at least 3 or 4 times a week. All of my passes to religious services were discontinued. The first week of Dec. I began kiting to receive the passes I previously received

On Nov.28th 2022 I received a conduct report against a Lieutenant (Arianna Brock) at Trumbull correctional institution. The conduct report was for the grabbing of the lieutenants' hand (rule

25). I was issued 30 days in LPH after being found guilty at the sergeants hearing.  Approx. the week of the 8th I was transferred to 15 east. My passed for religious services for taleem and jummah were discontinued. After my request for religious services were denied I commenced sending kites to administration asking them to address the issue.

On as early as 12/14/2022 (see exhibit C), I sent a kite to the deputy warden of operations stating: "Trumbull correctional Institution administrators are using the denial of the right to study and practice religion as a means of punishment. In the mornings mon., Thursdays, and Fri., at 9:00 are Quranic language. However, Mon., Thurs., and Fri. at 1:30 is Taleem- which is the teachings of the Quran. Fri. (2"15) if Jummah – which is Prayer. Muslim prisoners do not have a right to the Quranic language class but are entitled to the services for religion.  The restriction is not reasonably related to a penological interest. The free exercise clause of the first amendment protects your right to follow the practices of your religion, like eating kosher food, covering your hair, or praying at a certain time. I need you to rectify this problem as it is within your power. The issue was not addressed.

On 12/16/2022 (see exhibit C2) I sent a kite to the warden's office stating: "I NEED A PAPER COPY OF THE ODRC POLICY THAT STATES LPH PRISONERS ARE NOT ALOUND TO PRACTICE OR STUDY RELIGION WHILE BEING HOUSED IN THE LPH UNIT". The warden's assistant's response was "If you are in LPH you are afforded religious services. Whatever your denomination is, you are entitled and encouraged to attend the service or mass. Kite the chaplain's office to be passed to a requested service or mass.  Also on the date above I sent a kite to religious services again requesting passes to Jummah and Taleem.

Also on the 12/16/22 (see exhibit C4) I was not given any pass to taleem or jummah that Friday. However previously to being housed in LPH I received these passes so I sent a kite stating; I would like to receive passes to Taleem and Jummah. Also requested passes for taleem and jummah on this date via kite.

ON 12/19/2022 (see exhibit C5) I sent a pass to the Unit Management Chief stating: "I am being denied the right to attend religious services. I respectfully request your assistance". The response from the UMC was "You need to follow up with the chaplain or his boss. the DWSS". Also on 12/19/2022 I sent a kite to the Unit manager of 15 east stating: "According to LT. A. Brock, Chaplain K., and whoever issues the passes I may not attend religious services at all. So I would like a paper copy of the paper signed by the chaplain K. posted on the staff desk that basically states the same thing and a copy of the ODRC policy pertaining to the same. Which in turn violates my right to practice/study my religious beliefs. This violates my free Exercise

Clause of the first amendment. This is a lawsuit I need you to help me attend my weekly passes to religious services. If I do not receive all of my religious passes that I normally receive I'm going to file an injunction with the courts immediately stating my and all other LPH prisoners 1st amendment rights are being violated. That the exhaustion requirement can be skipped due to the immediate continuation of the violation. And the immediate irreparable damage its causing prisoners, mentally and spiritually. Possibly causing prisoners with life/lengthy prison sentences to deteriorate mentally causing serious mental health concerns thoughts/attempts of suicide". Unit manager Smallwood responded stating: You are allowed to attend religious services while housed in LPH".

ON 12/20/2022 (see exhibit D2) I was issued a pass to attend Chapel/Biblical Hebrew/Armstrong bible study. I was issued a conduct report for Physical resistance to a direct order; Disobedience of a direct order; The ticket reads "ON the above date and time, inmate Pryor #700-536 came out of his cell to go to an 8:00 pass to chapel/Hebrew. Pryor was advised by Lt. Brock that per LPH rules he is not allow to attend these types of passes. Pryor was then instructed to go back to his cell and lock down. Pryor refused to lock down and was advised that if he was not going to lock down, he would go to TPU. Pryor still refused while CO Fusillo was attempting to place hand restraints on him, Pryor pulled his hands away from Fusillo multiple times. Therefore, I find Pryor in violation of R-20 and R-21.

On 12/25/22 (see exhibit D3) I sent a grievance to the deputy warden of special services stating: My first amendments rights are being violated. Not being allow to practice my religion or being forced to practice a certain religion against the US constitution. I would like a paper copy of the ODRC policy that pertains to LPH prisoner attending religious services.

On 12/27/22 The staff response was that LPH prisoners could attend their declared religious worship services. These services are at special times. LPH prisoners will sit away from general population inmates. LPH inmates will not be allowed to attend any other service.

On 12/28/22 (see exhibit D5; I4;I3) I was issued a pass to attend Spanish Devotional. I was issued a conduct report for a rule 35 being out of place. The conduct report stating; On time and date above I was on post in the chapel when inmate Pryor 700-536 came to a Spanish devotional pass. He has been told by Lt. Brock that he is not to go to this pass due to being in LPH. I'm charging him with a 35.

The following week I was unable to attend any religious services.

On 12/31/22 (see exhibit E) I received a conduct report from Ms. Phillips which reads: On Dec. 31, 2022 I C/O Phillips while working 15 east was walking the block out from chow when inmate Pryor#700-536 started mumbling under his breath he said "I'm gonna get my you I just don't

know how yet, maybe in the cell, but then your man down will go off" I then activated my body camera, turned around and said "what? Are you threating me" I called shift they sent yard to come get my camera and said they would review the footage.I responded: "I was speaking with someone else and responded Im not talking to you whats wrong with you?"

On 1/1/2023 (exhibit E2) I received another conduct report which reads: On January 1, 2023 I C/O Phillips and C/O Barron was walking out of work, as we approached 15 East we could hear inmate Pryor 700536 yelling out of his cell window. He said "fantasies about it happening, its either going to be in the shower or my cell, Im gonna fuck you so hard in your ass" the day before he threatened me and I activated my camera and told shift, and also wrote him a ticket, but for this incident report since he has made numerous threats to me. Again placing actions not on me to retaliate against me. You cannot see through the windows from the walkway at trumbull correctional unless it's at night time and the cell light is on.  The prison is built so the block windows face the walkway and several inmates call (cat-call) out of the windows daily however I was the person she decided said these things.

On 1/26/2023 (see exhibit E3) I was issued a conduct report by C/O Timberlake. C/O Phillips told C/O Timberlake that I was inside of the shower masturbating. The shower door was fully closed. And at RIB the RIB official stated as much. However, I was still found guilty (the shower door is wood and not see through). On this date Lt. Brock came from her office to deploy a can of OC point blank range in my face. I was not being aggressive or threating.

Also on 1/26/23 (see exhibit E4 & G5) I received rule infraction for 20,21 (physical resistance to a direct order; disobedience of a direct order. Which lead to me being escorted to restrictive housing. Lt. Brock ordered a 2.4 of my property (a 2.4 is when the staff make sure none of your property is contraband and it fits within the weight limits of the ODRC policy. However, items were confiscated that were not a part of the 2.4 policy. Electronics are not a part of the policy, along with state issued clothing. Also my religious head gear was confiscated and my Quran was confiscated. Also on 1/26/23 Lt. Brock told C/O Reghetti to conduct a 2.4 pack-up. In which several items that weren't contraband were confiscated along with my kufis and my Quran that was issued to me from the mailroom and the religious services (on 7/01/23 the institutional inspector stated in a response to a grievance that my hot pot and fan should've not been in the 2.4 and will be returned to me. However, I never received these items of today). Also my TV was damaged.

On 2/17/23 (see exhibit E5) after being released from TPU I filed a grievance after receiving my property. On 3/20/23 The inspector of the institution granted my grievance and awarded me a replacement TV.

On 2/23/23 (see exhibit F2-G) I had a mandatory pass to mental health in which I was demanded to leave by MHL Darkangelo for twisting her doorknob when walking past her office. Mrs. Darkangelo stated she was going to write me a ticket for establishing a relationship. I filed a grievance upon returning to the block stating: "I received a mandatory pass to mental health upon entering the building I went towards the metal detector and before I reached it I stop at Mrs. Darkangelo office and twisted the knob to the door and continued walking through the metal detector. Mrs. Darkangelo came out of her office and yelled that I leave and that I was getting a ticket for establishing a relationship. I did nothing wrong, I didn't even speak.

The administrator of the mental health department (Dr. Coe) responses stating: Due to my sexually inappropriate behavior in the presence of Ms. Darkangelo(date 11-28-22_ your actions were totally inappropriate and perhaps even traumatizing. You are no longer allowed to enter 15 west annex at all from this point on.

On 3/30/23 I attempted suicide due to the continuous caimpain of harassment. MHL Jennings stated: "I wish you would cut through your whole wrist fuck you. You're not seeing anyone. The way you treat women" I did not file a grievance however I did convey this to Mental health staff & it should be documented in their files

On 6/14/23()see exhibit G3) I received a ticket from Lt. Brock (the ticket ultimately leading to my recommendation for a level raise) was A rule 11c, and 59 violations for asking the Lt. if she called my name after yelling someone's name from the property room. The ticket states: On 16/14/23 at approx. 9:57am I Lt. Brock was in the center of 15 east when Inmate Pryor#700-536 left the table while working out and walked directly to the center section where he knew I was after maintenance opened the door. When Pryor approached the door he asked if I called his name, I immediately told Pryor to get out of the center section which he replied "I'm not in the center" while standing in the door way keeping the door from closing. Inmate Pryor has been told multiple times about his behavior being inappropriate/stalking like with myself however continued to yell things at me from his cell such as "hey sexy mama". I wrote Pryor a previous ticket for intentionally grabbing my hand on 11-28-22 and stated in that ticket how Pryor was told multiple times about his interactions and comments with myself at that time, Pryor obviously continues to show the same behavior. Pryor has also written myself inappropriate kites stating this such as "you continue to poke a bear and pour honey all over yourself. Stop interfering with my time". On 12-20-22. I'm having problems with my GTL tablet music. Some of the songs aren't downloading or playing correctly. For instances the song by Pittbull-secret admire isn't working. 1-4-23, Insinuating that he's my secret admire. He also addressed multiple kites to myself as Lt. Brock however on 2-11-23 he addressed my name as a partial of my first and my maiden name. I replied to these kites telling him to stop being

inappropriate and if he continued they would be sent to the investigator. In addition to the listed situations Pryor continuously walks close to myself on purpose and comes to the office/area I'm in jingling the door handle and smiles just to make me acknowledge him. (Upon review of the conduct reports written 1-26-23 & 6-14-23 the Lt. gets addressed by both names.

On 7/7/2023 (see exhibit H2 & H3) I initiated my first attempt at the grievance procedure for the retaliation of Lt. A. Brock towards me stating: I was issued a conduct report by Lt. Brock for asking if she called my name. The basis of the ticket was from allegations that were several months prior and do not rise to the level of a conduct report. This is retaliation. Also administration is using this incident to raise my level.

Also on this date I filed a separate grievance for retaliation. Between the months of June and July the prison was in the process of transferring Jpay systems at times I was incapable of filing a grievance either due to this or due to being on suicide watch. The prison transitioned to allowing prisoners to have the new phone tablets. You are not allowed to have the tablet on suicide watch

On 7/13/2023 (see exhibit H4) I cut my wrist trying to commit suicide due to the campaign of harassment and retaliation. On 7/14/23 MHL Harris came to asses me. In his assessment he determined that I was not trying to commit suicide by rather that I was trying to extort the mental health department and wrote me up for extortion and that I was a threat to the institution. This also contributed to the rise of my level.

On 7/28/23 I was taken off constant watch by Dr. Coe. By his own admission I did not engage with him during the assessment only stared out of the window. (see grievance dated 8/11/23#TCI000000000523). After he and the constant watch officer left I proceeded to attempt suicide by slicing my wrist with a razor blade. Approx. 11:30 I was taken from the "safe-cell" and placed in a "time-out" cage. UMC Ms. Spany; UM S. Smallwood; & Dr. Coe returned I was taken into the SMP hearing/room while my wrist was still bleeding. The Management team ran the hearing then I was placed back on constant watch.

On 7-29-2023 (see exhibit H5) MHL Darkangelo came to assess me while on suicide watch however she did not assess me. I was allowed to file a grievance on 8/4/2023 which reads: On 7-29-2023 I was not assessed by mental health staff while on constant watch. Approx. 6:30 apparently mental health staff came however the camera footage will show that I was not spoken to or assessed.

I was unable to finish this grievance because I was transferred on 8-8-2023 At the new facility I did not have access to the grievances filed at TCI.

On 8/22/23 (see attachment exhibit I & exhibit I2) I filed a grievance for the campaign of harassment.

## Statement of claim

Lt. A. Brock directly denied me the right to attend any religious services for roughly 2 months at least. In retaliation for the alleged grabbing of her hand and for filing grievances in response to this constitutional violation. A violation of the first amendment free exercise clause religious land use & institutionalized people's act; free establishment clause. C/O Corwin and Fusillo; W.J. Cox were directly involved for issuing conduct reports or physically restraining me for trying to attend the religious passes I was issued. C/O Reghetti Packed my 2.4 confiscating Kufis and Quran items and electronic items that did not per policy need to be placed in the 2.4 box to further the retalitation and violation of my first amendment. Chaplain Kosenko, Deputy warden B. Evans; Warden Assistant G. Booth; Unit manager chief Melissa Spatny; Unit manager S. Smallwood ; Deputy Warden Theodore Jackson; Inst. Inspector Felepa Lowry were indirectly involved for allowing these violations to continue after several kites and or greivances were sent to them regarding the constitutional violations. And the violations continued. (Imam does not make weekly rounds through LPH & RH). C/O K. Phillips; MHL M. Darkangelo; Lt. A. Brock directly contributed to the retaliation and campaign of harassment through conduct reports & Denial of mental health treatment MHA Dr. Coe indirectly contributed to the constitutional violation by perpetuating the violation after the grievance was sent to him in regards to the retaliation & harassment & Denial of mental health treatment. MHL T. Harris wrote the final conduct report of harassment assisting in my transfer from the institution. For attempting to commit suicide for extortion. Approx. between 8-01-22 to 8-8-23 acting under color of state law (Monroe V. Pape

-U.S. Dist. Lexis 178785

-U.S. App. Lexis 8729

-U.S. Lexis 4219

## **Prayer for relief**

Wherefore, <u>plaintiff</u> respectfully prays that this court enter judgment granting plaintiff:

- A declaration that the acts and omissions described herein violated plaintiff's rights under the constitution and laws of the United States.
- Compensatory damages against each defendant, jointly and severally.
- Punitive damages
- Nominal damages
- A jury trial on all issues triable by jury
- Plaintiffs costs in this suit
- And any additional relief this court deems just, proper and equitable.

Date: 10-29-2023

Sign:

## **Verification**

 I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the forgoing is true and correct.

Executed at

Sign:

Plaintiff