PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NORMAN LAFONTE PRYOR, | ) |
| Plaintiff, | ) CASE NO. 4:23-CV-02259 ) |
| v. | ) JUDGE BENITA Y. PEARSON ) |
| CHAMBER-SMITH, *et al.,* | ) **MEMORANDUM OF** ) **OPINION AND ORDER** ) [Resolving ECF No. 33, ECF No. 38, |
| Defendants. | ) ECF No. 39, ECF No. 40, ECF No. 43, ) and ECF No. 45] |

The Court considers six motions, all from Plaintiff: (1) Motion to Add Defendants (ECF No. 33); (2) Motion to Renew Previously Filed Motions (ECF No. 38); (3) Motion for Leave to File an Amended Complaint (ECF No. 39); (4) Motion to Renew Previously Filed Motions (ECF No. 40); (5) Motion for Pretrial Conference (ECF No. 43); and (6) Motion for Pretrial Conference (ECF No. 45). All six motions are denied for the reasons herein.

## I. INTRODUCTION

**A. Background**

Plaintiff Norman Lafonte Pryor is serving a 54-year sentence in state prison for kidnapping, rape, and felonious assault. ECF No. 6. Proceeding *pro se* and *in forma pauperis*, he sued the director of the Ohio Department of Rehabilitation and Correction ("ODRC") and officials at the Trumbull Correction Institution ("TCI") alleging violations of the First Amendment, the Eighth Amendment, and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc). ECF No. 1. The Court dismissed the case under 28

(4:23-CV-02259)

U.S.C. § 1915(e)(2)(B).  ECF No. 7.  On appeal, the Sixth Circuit vacated and remanded in part. ECF No. 23.  Plaintiff's remaining claim alleges that he was denied access to religious services and mental health care at TCI in 2022 and 2023.  ECF No. 42.

### B. The Motions

On September 11, 2025, Plaintiff moved for permission to add defendants because he "can't remember who worked those days" of the alleged violations.  ECF No. 33.  On October 1, 2025, he moved to renew motions made before the Court's dismissal (ECF No. 38) and for leave to amend his original complaint "to add additional facts and defendants in regards to the constitutional violations."  ECF No. 39.  On October 7, 2024, he again moved to renew his earlier motions.  ECF No. 40.  He then moved for a pretrial conference on October 20 and November 3, 2025.  ECF Nos. 43 and 45.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a district court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."  *See* Fed. R. Civ. P. 15(d); *Smith v. Google, LLC*, No. 21-2808, 2022 WL 3221936 (6th Cir. Feb. 15, 2022).  Granting leave to amend is based on several factors, including: (1) the relatedness of the original and supplemental complaints; (2) whether allowing supplementation would serve the interests of judicial economy; (3) whether there is evidence of delay, bad faith, or dilatory motive on the part of the movant, or evidence of repeated failure to cure deficiencies by amendments previously allowed; (4) whether amendment would impose undue prejudice upon the opposing party; (5) whether amendment would be futile; (6) whether final judgment had been rendered; (7) whether the district court retains jurisdiction over the case; (8) whether any prior court orders imposed a future affirmative

2

(4:23-CV-02259)

duty upon defendant; and (9) whether the proposed supplemental complaint alleges that the defendants defied a prior court order.  See *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015) (citing *San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 495–97 (E.D. Cal. 2006).  Under Fed. R. Civ. P. 12(f), the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from a pleading.

### III. DISCUSSION

None of Plaintiff's six motions are substantively or procedurally meritorious.  First, his motion to add defendants (ECF No. 33) is not properly supported by factual or legal arguments showing why addition is necessary or appropriately tied to his original allegations.  *See* Fed. R. Civ. P  15(a), 20(a), and 21.  Second, his identical motions for renewal (ECF Nos. 38 and 40) seek to revive filings[1] that were not entered before the Court's *sua sponte* dismissal under § 1915 (ECF No. 7), but during the appellate process when the Court lacked jurisdiction.  ECF Nos. 12, 14, and 22.  Third, his motion for leave to file an amended complaint (ECF No. 39) implicates incidents that both occurred before his original complaint and are not presented in good faith.  *See* Fed. R. Civ. P. 15(d).  Finally, his identical motions for a pretrial conference (ECF Nos. 43 and 45) are premature and inappropriate, as no case management plan or order has even been issued.  Consequently, all six of these motions lack merit.

---

[1] Including Plaintiff's motion for an order compelling discovery (ECF No. 22), motion for an order to obtain a valid control number (ECF No. 14), and motion for appointment of counsel (ECF No. 12).

3

(4:23-CV-02259)

## IV. CONCLUSION

Plaintiff's Motion to Add Defendants (ECF No. 33), Motion to Renew Previously Filed Motions (ECF No. 38), Motion for Leave to File an Amended Complaint (ECF No. 39), Motion to Renew Previously Filed Motions (ECF No. 40), Motion for Pretrial Conference (ECF No. 43), and Motion for Pretrial Conference (ECF No. 45) are denied.  Under the Local Rules, filing frivolous motions on frivolous grounds may result in sanctions—including the assessment of costs and fees—against Plaintiff.  *See* N.D. Ohio Civ. R. 7.1(i).  Plaintiff is ordered to comply with Fed. R. Civ. P. 11 and warned that peppering the docket with repetitive and unsupported filings "to harass, cause unnecessary delay, or needlessly increase the cost of litigation" may lead to sanctions, as indicated above, in addition to the termination of his case.

    IT IS SO ORDERED.

| | |
|---|---|
| November 7, 2025 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson<br>United States District Judge |