PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NC LAFONSE PRYOR, | ) | CASE NO.  4:23-CV-02259 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| *v.* | ) | |
| | ) | |
| ARIANNA BROCK, *et al.*, | ) | **MEMORANDUM OF** |
| | ) | **OPINION AND ORDER** |
| Defendants. | ) | [ECF Nos. 58; 63] |

## I.  INTRODUCTION

The Court considers Plaintiff Nc Lafonse Pryor's Motion for Leave to File an Amended Complaint.  *See* ECF No. 58.  As justification, he claims he "has not had the right to [a]mend as a matter of course."  ECF No. 58 at PageID #: 440.  Defendants oppose the motion and argue amendment would "not serve judicial economy, and would cause Defendants undue hardship[.]" ECF No. 62 at PageID #: 470.  On review, Plaintiff's Motion is granted, and his Proposed Amended Complaint, filed *instanter*, is deemed operative.

## II.  BACKGROUND

At a Case Management Conference on March 2, 2026, the Court and the Parties discussed Plaintiff's amendment desire in detail.  *See* Minutes of Proceedings [non-document] 3/2/2026.  The Court then set an April 17, 2026 cutoff for Plaintiff seek leave to amend.  *See* ECF No. 53 at PageID #: 433.  It also ordered the Parties to "meet and confer no later than [March 20, 2026] to [further] discuss Plaintiff's anticipated amended complaint[.]"  Minutes of Proceedings [non-document] 3/2/2026.  Defendants confirmed that meeting took place on March

(4:23-CV-02259)

19, 2026, wherein Plaintiff reiterated "his intention to file an Amended Complaint." ECF No. 57 at PageID #: 438.  Plaintiff timely filed the instant Motion and Proposed Amended Complaint *instanter* on April 15, 2026 as directed.  *See* ECF Nos. 53, 58.

### III.  LAW

Under Rule 15(a)(1),

> [a] party may amend its pleading once as a matter of course no later than . . . 21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Outside these limits, amendment is only allowed upon (a) the opposing party's consent or (b) the district court's permission.  *See* Fed. R. Civ. P. 15(a)(2).  For the latter, "[t]he court should freely give leave when justice so requires."  *Id.*  Reasons to deny a permission to amend include: (1) "undue delay, bad faith or dilatory motive"; (2) "repeated failure to cure deficiencies by amendments previously allowed"; (3) "undue prejudice to the opposing party"; and (4) the "futility of the amendment[.]"  *Foman v. Davis,* 371 U.S. 178, 182 (1962).

### IV.  DISCUSSION

This case commenced thirty-one months ago, and the time for amending "once as a matter of course" has passed.  Fed. R. Civ. P. 15(a)(1)*; see* ECF No. 1.  And because Defendants do not consent to Plaintiff's amendment, he may only amend with the Court's permission.  *See* ECF No. 62; Fed. R. Civ. P. 15(a)(2).  On review, the Proposed Amended Complaint is accepted.

*First*, there is no indication Plaintiff's desire derives from "undue delay, bad faith or dilatory motive[.]"  *Foman*, 371 U.S. at 182.  Rather, his Proposed Amended Complaint narrows the scope of the allegations to Defendants' specific conduct on specific dates.  *See* ECF No. 58–1 at PageID ##: 446–49.  *Second*, the proposed amendment complies with the Sixth Circuit's

2

(4:23-CV-02259)

limited remand regarding Plaintiff's First Amendment and RLUIPA claims, and thus is not demonstrative of a "repeated failure to cure deficiencies[.]" *Foman*, 371 U.S. at 182; *see Pryor v. Chambers-Smith*, No. 24-3301, 2025 WL 1090997, at *5 (6th Cir. Apr. 2, 2025). *Third*, Defendants make no cognizable argument why amendment would cause them to suffer "undue prejudice" in this dispute. *Foman*, 371 U.S. at 182. On the contrary, the Parties discussed the proposed amendment at both the Case Management Conference and their own meeting two weeks later. *See* ECF Nos. 53, 57. *Finally*, the Proposed Amended Complaint is not futile; it modifies the alleged liability therein and arrived before a scheduled mediation conference[1] and nearly seven months before the cutoff for dispositive motions. *See* ECF Nos. 53, 60. Guided by these considerations, Rule 15(a)(2) directs the Court to give Plaintiff permission to amend.

## V.  CONCLUSION

Plaintiff Nc Lafonse Pryor's Motion for Leave to File an Amended Complaint, *see* ECF No. 58, is granted. His Proposed Amended Complaint, *see* ECF No. 58–1, is deemed operative. Defendants shall file their responsive pleading within twenty-one days of this Order under Rule 12(a)(1)(C). The Court will not consider any additional motions to amend or supplement from Plaintiff. Defendants' Motion for Summary Judgment, *see* ECF No. 63, is denied as moot. This denial is without prejudice to another dispositive motion being filed, if appropriate.

　　　　　IT IS SO ORDERED.

June 26, 2026  　　　　　　　　　　　　　　　*/s/ Benita Y. Pearson*
Date   　　　　　　　　　　　　　　　　　　Benita Y. Pearson
　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[1] The Court was notified on June 26, 2026 that the mediation conference failed to resolve this case. *See* ECF No. 64.

3